**UNITED STATES OF AMERICA,**

    **v.**                              **Criminal No.: 2:18mj166**

**WALLACE GODWIN**

    **Defendant.**

## ORDER

This matter comes before the court on Mr. Godwin's Unopposed Motion for a Competency Examination, pursuant to 18 U.S.C. § 4241(a). For the reasons set forth below, the court **GRANTS** the Petitioner's Motion.

The Defendant, having established reasonable cause to believe that he may presently be suffering from a mental disease or defect, and there being no objection by the United States to the Defendant's request for examination pursuant to 18 U.S.C. § 4241(a), it is hereby **ORDERED** that the Defendant's attorney arrange for an evaluation to take place within thirty (30) days of the entry date of this Order, at the Defendant's expense, with one of the physicians listed in the Motion, to determine if the Defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* The Defendant's counsel shall give at least forty-eight hours' notice of the time and place of the evaluation to the United States Marshals Service and to the United States Attorney.

It is further **ORDERED** that, pursuant to 18 U.S.C. § 4247(b), the Defendant shall submit to a psychiatric or psychological examination and that the report of such examination shall be filed with the court, under seal, pursuant to the provisions of 18 U.S.C. §§ 4247(b) and (c), with copies of the report, under seal, being forwarded to the Defendant's attorney, Kirsten R. Kmet, Assistant Federal Public Defender, 150

Boush Street, Suite 403, Norfolk, Virginia 23510; and to Alan Mark Salsbury, Assistant United States Attorney, 8000 World Trade Center, 101 West Main Street, Norfolk, Virginia 23510.

Pursuant to 18 U.S.C. § 4247(c), said report shall include:

(1) the Defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis and prognosis, including whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

It is further **ORDERED** that pursuant to the Speedy Trial Act provisions of Title 18 U.S.C. §§ 3161(h)(1)(A) and (D), the time within which an indictment must be filed and the time within which any trial of such offense must commence is tolled until the Court determines whether the defendant is competent to stand trial. The Court holds that the time from the filing of the Motion for a mental examination through the conclusion of the hearing on, or other prompt disposition of, the Motion is excludable under 18 U.S.C. Sections 3161(h)(1)(A) and (D). The Court further holds that if a mental examination is ordered, any delay resulting from any proceeding, including any examinations, to determine the mental competency of the defendant is excludable under 18 U.S.C. Section 3161(h)(1)(A).

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties and the healthcare provider designated to perform said evaluation.

It is so **ORDERED .**

_____
United States Magistrate Judge

Date: _____